IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                     No. CV 21-01165 WJ/KRS

STATE OF NEW MEXICO,

    Defendants.

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court on the pro se handwritten "Criminal Complaint" filed by Donald Thomas Sharp. (Doc. 1). The Court determines that the pro se filing is deficient because it is not in proper form and Plaintiff has not paid the $402 filing fee or filed an Application to Proceed in the District Court Without Prepaying Fees and Costs.

Plaintiff is a detainee in federal custody at the Cibola County Correctional Center and is restricted in this Court as an abusive filer. *See Sharp v. State of New Mexico,* CV 21-00700 WJ/SMV, Doc. 29. Under the Court's filing restrictions, Plaintiff is only allowed to file one case each month. (CV 21-00700, Doc. 29 at 11). This case constitutes the only case Plaintiff is permitted to file for the month of December 2021. Any further complaints submitted by Plaintiff Sharp will be returned to Plaintiff unfiled. (CV 21-00700, Doc. 29 at 11).

Plaintiff's filing consists of a handwritten complaint alleging that all governmental Defendants are part of a racketeering enterprise ("RICO") and have committed treason. Plaintiff also contends that all lawyer Defendants are members of a "British Accreditation Registry" and have similarly committed treason. (Doc. 1 at 2). Plaintiff seeks the arrest, prosecution, and

1

execution of Defendants, as well as seizure and forfeiture to Plaintiff of all of Defendants' assets. (Doc. 1 at 2). Plaintiff titles his complaint as a "criminal complaint." However, there is no legal authority that allows prosecution of any criminal action by Plaintiff. Further, Plaintiff asserts claims under the RICO. As such, Plaintiff's complaint is properly characterized as a civil complaint. Plaintiff may also be trying to assert a civil rights complaint under 42 U.S.C. § 1983. Section 1983 is the *exclusive* vehicle for vindication of substantive rights under the Constitution against governmental officials. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983). Therefore, Plaintiff's filing may possibly be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. The filing is not in proper form for a civil action, whether it is brought as a RICO claim or to assert civil rights claims.

In addition, regardless of how Plaintiff characterizes his claims, this is still a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has not paid the $402.00 filing fee or submitted the required application to proceed in compliance with § 1915.

Plaintiff must cure these deficiencies if he wishes to pursue his claims. Plaintiff must include the civil action number, CV 21-01165 WJ/KRS on all papers he files in this proceeding. If Plaintiff fails to cure the deficiencies within thirty (30) days, the Court may dismiss this proceeding without further notice.

**IT IS ORDERED** that, within thirty (30) days of entry of this Order, Plaintiff Donald Thomas Sharp cure the deficiencies by (1) paying the $402 filing fee or submitting an Application

to Proceed in the District Court Without Prepaying Fees and Costs (including the required 6-month inmate account statement), and (2) filing a complaint in proper form.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, (1) two copies of an Application to Proceed in the District Court without Prepaying Fees and Costs under 28 U.S.C. § 1915, with instructions, and (2) a form prisoner civil rights complaint under 42 U.S.C. § 1983, with instructions.

_____
UNITED STATES MAGISTRATE JUDGE