**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONALD THOMAS (TOMMY) SHARP,

       Plaintiff,

vs,                                         No. CV 21-01165 WJ/KRS

STATE OF NEW MEXICO,
STATE OF NEW MEXICO BOARD OF FINANCE,
MICHELLE LUJAN GRISHAM,
MAGGIE OLIVER,
HECTOR BALDERAS,
JENNY LUSK,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten "Criminal" Complaint (Doc. 1) filed by Plaintiff Donald Thomas (Tommy) Sharp. The Court construes the Criminal Complaint as a civil proceeding, dismisses the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding, finds that Plaintiff Sharp has repeatedly violated Fed. R. Civ. P. 11(b), and will order Sharp to show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 11(c)(3).

This is one of many cases filed by Plaintiff Sharp advancing a frivolous theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud

scheme. (Doc. 1). Sharp has filed a number of civil cases advancing his theory with the Court

under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1]

## RULE 41 DISMISSAL FOR FAILURE TO COMPLY WITH STATUTES AND RULES AND FAILURE TO PROSECUTE

Plaintiff Donald Thomas Sharp filed this Complaint on December 6, 2021. (Doc. 1).[2]

Plaintiff's Complaint is not in proper form. Plaintiff's filing consists of a handwritten complaint

alleging that all governmental Defendants are part of a racketeering enterprise — "all State

officials are imposters, frauds impersonating officers of trust. This is HIGH TREASON." (Doc.

1 at 8). Plaintiff also contends that all lawyers and judges are members of a wholly fictitious

"British Accreditation Registry" and have similarly committed treason. (Doc. 1 at 1-2). Plaintiff

seeks the arrest, prosecution, and execution of Defendants, as well as seizure and forfeiture to

Plaintiff of all of Defendants' assets. (Doc. 1 at 2). Plaintiff titles his complaint as a "criminal

complaint." However, there is no legal authority that allows prosecution of any criminal action by

Plaintiff. Further, Plaintiff asserts claims under the RICO Act. As such, Plaintiff's complaint is

properly characterized as a civil proceeding against government officials. 28 U.S.C. § 1915A.

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace, Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office*, CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

[2] Plaintiff Sharp is presently under filing restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV. Under the current restrictions, this case is the only case Sharp was allowed to file in December 2021.

Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint.  As Plaintiff has been repeatedly advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.

The Court entered an Order to Cure Deficiencies on December 8, 2021, directing Plaintiff Sharp to cure deficiencies by submitting a complaint in proper form and either paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order.  (Doc. 2).  The Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs.  (Doc. 2 at 3). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 2-3).

Plaintiff Sharp did not cure the deficiencies as required by the December 8, 2021, Order. Instead, Sharp filed an Objection to the Order to Cure Deficiencies.  (Doc. 3).  The Objection did not address the deficiencies in his filings and, instead, expressed a refusal to comply with the Court's Order and with federal statutes.  (Doc. 3 at 1-5). More than 60 days have elapsed since entry of the Court's Order to Cure Deficiencies.   Plaintiff has not paid the $402 filing fee or submitted a complete application to proceed under § 1915 in proper form.  Instead, Plaintiff has refused to pay the filing fee in this or any of his civil cases.

The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant

to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the

Court's Order of December 8, 2021 (Doc. 2), and failure to prosecute this proceeding.

## **PENDING MOTION**

Also pending before the Court is Plaintiff Sharp's Motion for Summary Judgment (Doc.

5). Although the Motion does not even minimally comply with the requirements of Fed. R. Civ.

P. 56, the Court will not reach the merits and, instead, will deny the Motion as moot in light of the

dismissal of this case.

## **NOTICE OF RULE 11(b) VIOLATIONS AND ORDER TO SHOW CAUSE**

Federal Rule of Civil Procedure 11(b) states:

"By presenting to the court a pleading, written motion, or other paper—
whether by signing, filing, submitting, or later advocating it—an
attorney ***or unrepresented party*** certifies that to the best of the person's
knowledge, information, and belief, ***formed after an inquiry reasonable
under the circumstances***:
(1) it is not being presented for any improper purpose, such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by
existing law or by a nonfrivolous argument for extending, modifying,
or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically
so identified, will likely have evidentiary support after a reasonable
opportunity for further investigation . . ."

Fed. R. Civ. P. 11(b) (emphasis added). If the Court determines that a Rule 11(b) violation has

occurred, the Court may impose sanctions after notice and a reasonable opportunity to respond.

Fed. R. Civ. P. 11(c)(1).

Having voluntarily invoked the Court's jurisdiction by filing this lawsuit, Sharp's

Objection (Doc. 3) paradoxically claims that the Court has no authority or jurisdiction and the

Court's December 8, 2021, Order and all other orders are null and void. (Doc. 3 at 1-2). The

Objection makes legally unfounded and factually unsupported accusations against the Magistrate

Judge, ultimately concluding with a threat that the Magistrate Judge "Must Suffer Death."  (Doc. 3 at 3).  The Objection is signed "Donald Sharp, A BAD DON – the destroyer."  (Doc. 5).

The Court determines that Sharp's Objection is not warranted by existing law or by any nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law.  The Court also determines that Sharp's contentions are devoid of any factual evidentiary support.  Last, the Court determines that Sharp's filing is interposed for highly improper purposes.  Sharp's Objection (as well as countless other filings he has submitted in this and other cases) is in clear violation of Rule 11(b).  Sharp's egregious submissions have consumed an exorbitant amount of the Court's time and resources.  He has been repeatedly advised that his contentions are meritless and frivolous, yet he continues to advance them.

Sharp has voluntarily invoked the jurisdiction of this Court.  As a pro se litigant, he is required to abide by the law and the rules of procedure governing proceedings in federal court.  *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).  The Court is not required to continue to tolerate his frivolous and malicious contentions and arguments or his refusal to follow the laws and procedures of the Court.  Therefore, the Court will require Plaintiff Sharp, to show cause within 30 days, why Fed. R. Civ. P. 11(c) sanctions should not be imposed.  If Sharp fails to show cause, either by not responding to this order or by submitting a baseless response, the Court will, as a sanction, order that any further filings in this case, other than a notice of appeal or a filing necessary to perfect an appeal, not be filed and be returned to Plaintiff Sharp by the Clerk.

**IT IS ORDERED**

**(1)** the Motion for Summary Judgment (Doc. 5) submitted by Plaintiff Donald Sharp is **DENIED** as moot;

**(2)** the Criminal Complaint (Doc. 1) filed by Plaintiff Donald Thomas (Tommy) Sharp is

**DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, failure to

comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's December 8,

2021, Order; and

**(3)** Plaintiff Sharp, to show cause within 30 days, why Fed. R. Civ. P. 11(c) sanction should

not be imposed.

_____

WILLIAM P. JOHNSON

CHIEF UNITED STATES DISTRICT JUDGE